IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 10-cv-01719-MSK-KLM

MISTI LEE SCHNEIDER,

    Plaintiff,

v.

CITY OF GRAND JUNCTION, COLORADO, and its Police Department,
BILL GARDNER,
JOHN CAMPER,
WILLIAM D. BAKER,
JOHN A. ZEN,
RICK DYER, and
JOHN AND JANE DOES 3 to 10, in their official and individual capacities,

    Defendants.
_____

### RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE
_____

**ENTERED BY MAGISTRATE JUDGE KRISTEN L. MIX**

This matter is before the Court on Plaintiff's **Motion for Leave to File Second Amended Complaint to Add Claims for Punitive Damages** [Docket No. 63; Filed February 25, 2011] (the "Motion"). On March 21, 2011, Defendants filed a Response [Docket No. 69] in opposition to the Motion. Plaintiff filed a Reply [Docket No. 76] on April 11, 2011. The deadline for amendment of pleadings was November 30, 2010. *Scheduling Order* [Docket No. 20] at 15, ¶ 9(a). Accordingly, the Motion is untimely. Pursuant to 28 U.S.C. § 636 (b)(1)(A) and D.C.COLO.LCivR 72.1C, the Motion has been referred to this Court for a recommendation regarding disposition.[1] The Court has reviewed the pleadings,

---

[1] A magistrate judge may issue orders on nondispositive motions only. *Ocelot Oil Corp. v. Sparrow Indus.*, 847 F.2d 1461, 1462-63 (10th Cir. 1988). Whether motions to amend are dispositive is an

the entire case file, and the applicable law, and is sufficiently advised in the premises. For the reasons set forth below, the Court **RECOMMENDS** that the Motion be **DENIED.**

Plaintiff seeks to amend her Amended Complaint [Docket No. 43] to add claims for punitive damages. She asserts that there is good cause to allow untimely amendment because the "proposed punitive damages claims are based upon evidence uncovered during discovery which was not available to [her] when she filed her Amended Complaint [#43]." *Motion* [#63] at 3; *Memorandum in Support of Motion* (the "*Memorandum*") [Docket No. 64] at 2. Plaintiff explains that "the depositions of Defendants Camper, Gardner, Baker, and Dyer all occurred between December 14, 2010 and January 11, 2011." *Memorandum* [#64] at 3; *see also id.* at 3 n.2. Plaintiff further explains that she "just recently received significant documents from Defendants" that contribute to the factual basis for her proposed punitive damages claims. *Id.*; *see, e.g., id.* at n.4 (stating that Plaintiff did not receive timesheets for Officer Coyne until February 18, 2011). Plaintiff contends that there is a factual basis for her proposed punitive damages claims, that she seeks to assert the claims in good faith and without dilatory motive, and that Defendants will not be unduly prejudiced by the addition of the claims at this juncture. *Id.* at 4.

In response, Defendants contend that Plaintiff's proposed Second Amended Complaint [Docket No. 63-1] is significantly different from her Amended Complaint [#43] in many respects beyond the addition of claims for punitive damages. *Response* [#69] at 1-2 ("Although Plaintiff represents that she simply seeks to add claims for punitive damages

---

unsettled issue. *Chavez v. Hatterman*, No. 06-02525-WYD-MEH, 2009 WL 82496, at *1 (D. Colo. Jan. 13, 2009) (unreported decision) (collecting cases). When an order denying a motion to amend removes or precludes a defense or claim from the case it may be dispositive. *Cuenca v. Univ. of Kan.*, 205 F. Supp. 2d 1226, 1228 (D. Kan. 2002). For the purposes of resolving the present Motion, the Court assumes that the issue is dispositive and requires a recommendation to District Judge Marcia S. Krieger.

against the individual Defendants, the proposed Second Amended Complaint contains wholly new and different factual allegations than those in Plaintiff's Complaint [Docket No. 1] and Amended Complaint [#43]."). Defendants argue that Plaintiff has no evidentiary support for either the differing allegations or the new punitive damages claims in the proposed Second Amended Complaint. Thus, Defendants argue that Plaintiff's Motion should be denied because the proposed amendment is futile. *Id.* at 2. Defendants also contend that Plaintiff's Motion should be denied because (1) it was made in bad faith, and (2) Plaintiff has provided no reasonable excuse for its untimeliness.

Arguments about the futility of amendment are commonly addressed to the failure of the proposed amended complaint to state a claim; hence the futility of permitting amendment. Rarely are such arguments addressed to the lack of evidentiary support for proposed amendments. Indeed, the Court is rarely in a position to determine whether evidentiary support exists or not when considering a motion for leave to amend. It is unwise to attempt to resolve disputes about the facts on such motions. *See, e.g.*, *White v. Santomaso*, No. 10-cv-01224-REB-KLM, 2011 WL 486234, at *3 (D. Colo. Feb. 7, 2011) (unreported decision) ("The Court does not delve into the merits of Plaintiff's proposed amendment at this stage of the proceedings. The Court's sole function now is to determine whether Plaintiff has provided a plausible basis for [the new claims set out in the amendment] if her version of the facts and potential evidence is assumed to be true."). Accordingly, the Court declines to further address Defendants' argument regarding futility. However, Defendants' argument regarding the timing of Plaintiff's Motion is a viable concern.

"Because Plaintiff filed [her] Motion after the deadline for amending the pleadings,

the Court employs a two-step analysis, first determining whether Plaintiff has shown good cause to modify the Scheduling Order [#20] under Fed. R. Civ. P. 16(b), [and] then evaluating whether Plaintiff has satisfied the standard for amendment of pleadings under Fed. R. Civ. P. 15(a)." *Nicastle v. Adams County Sheriff's Office*, No. 10-cv-00816-REB-KMT, 2011 WL 1465586, at *1 (D. Colo. Mar. 14, 2011) (unreported decision); *Colo. Visionary Acad. v. Medtronic, Inc.*, 194 F.R.D. 684, 687 (D. Colo. 2000).[2] Plaintiff is entitled to amend her Amended Complaint only if she makes the requisite showing at each step of the analysis. The Court has explained the two-step analysis as follows:

> Rule 16(b)'s good cause standard is much different than the more lenient standard contained in Rule 15(a). Rule 16(b) does not focus on the bad faith of the movant, or the prejudice to the opposing party. Rather, it focuses on the diligence of the party seeking leave to modify the scheduling order to permit the proposed amendment. Properly construed, good cause means that the scheduling deadlines cannot be met despite a party's diligent efforts. In other words, this Court may "modify the schedule on a showing of good cause if [the deadline] cannot be met despite the diligence of the party seeking the extension."

*Pumpco, Inc. v. Schenker Int'l. Inc.*, 204 F.R.D. 667, 668 (D. Colo. 2001) (quoting Fed. R. Civ. P. 16(b)) (citations omitted); *accord Dilmar Oil Co., Inc. v. Federated Mutual Ins. Co.*, 986 F. Supp. 959, 980 (D.S.C. 1997), *aff'd*, 129 F.3d 116 (4th Cir. 1997) ("Rule 16(b)'s

---

[2] It is the practice in this District to utilize the two-step analysis even though the Court of Appeals for the Tenth "[C]ircuit has not yet decided whether a party seeking to amend its pleadings after the scheduling order deadline must show 'good cause' under Rule 16(b) in addition to the Rule 15(a) requirement." *Strope v. Collins*, 315 F. App'x 57, 62 n.4 (2009) (internal quotation omitted); *cf. Reply* [#76] at 13 (noting that "it is true that most Circuits have applied the 'good cause' standard articulated in Fed. R. Civ. P. 16(b) to motions to amend filed after the deadline set by the District Court's scheduling order"); *Bylin v. Billings*, 568 F.3d 1224, 1231 n.9 (10th Cir. 2009) ("Most circuits have held that when a party amends a pleading after a deadline set by a scheduling order, Rule 16 and its 'good cause' standard are implicated." (collecting cases)); *Minter v. Prime Equip. Co.*, 451 F.3d 1196, 1205 n.4 (10th Cir. 2006) (explaining that the Court of Appeals "adopted a similar interpretation of Rule 16(b)'s 'good cause' requirement in the context of counterclaims asserted after the [pleading amendment] deadline, but has not done so in the context of an amendment to the complaint" (internal citation omitted)).

'good cause' standard is much different than the more lenient standard contained in Rule 15(a). . . . Properly construed, 'good cause' means that scheduling deadlines cannot be met despite a party's diligent efforts. . . . Carelessness is not compatible with a finding of diligence and offers no reason for a grant of relief."). "Once Plaintiff has shown good cause for modifying the scheduling order, [s]he must also satisfy the requirements of Rule 15(a) for amending the pleadings." *Nicastle*, 2011 WL 1465586, at *2. If Plaintiff fails to show good cause under Rule 16(b), there is no need for the Court to move on to the second step of the analysis, i.e., whether Plaintiff has satisfied the requirements of Rule 15(a). *Id.* at *3; *Colo. Visionary Acad.*, 194 F.R.D. at 688 (denying an untimely motion to amend solely on the basis of the moving party's failure to establish good cause under Rule 16(b)).

### A. Good Cause to Modify the Pleading Amendment Deadline

Plaintiff filed her Motion on February 25, 2011, nearly three months after the expiration of the pleading amendment deadline established in the Scheduling Order [#20]. Plaintiff contends that she has good cause for filing the Motion after the expiration of the deadline because she did not discover the factual basis for her proposed punitive damages claims until she conducted the depositions of several Defendants and received certain documents, all of which occurred after the deadline. Defendants contend that Plaintiff's failure to conduct these depositions and obtain these documents until after the pleading amendment deadline was purely the result of a lack of diligence in pursuing discovery. *Response* [#69] at 19 ("The delay in these depositions . . . was of Plaintiff['s] counsel's own creation."); *id.* ("Plaintiff's counsel . . . was the sole cause of the delay in scheduling these depositions."); *id.* ("Plaintiff also charges her inability to file a more timely amendment due to her recent receipt on January 31, 2011 or the internal affairs files of Crooks and

Stoneburner. However, Plaintiff requested [these] files in a written request for production of documents served on December 28, 2010, and Defendants' production was timely. Plaintiff should not now be heard to complain about any delay in obtaining discovery."). Defendants also contend that Plaintiff has provided no excuse for her failure to file a motion to extend the pleading amendment deadline before it expired. *Id.*

A scheduling order deadline, such as the pleading amendment deadline, "may be modified only for good cause and with the judge's consent." Fed. R. Civ. P. 16(b). To demonstrate good cause pursuant to Rule 16, Plaintiff must "show that [she was] diligent in attempting to meet the [pleading amendment] deadline, which means [she] must provide an adequate explanation for any delay." *Minter*, 451 F. 3d at 1205 n.4; *Denmon v. Runyon*, 151 F.R.D. 404, 407 (D. Kan. 1993) ("To establish 'good cause,' the party seeking to extend the deadline must establish that the scheduling order's deadline could not have been met with diligence."). Plaintiff has failed to persuasively refute Defendants' contention that, with diligence, she could have completed the discovery necessary to establish the basis for her proposed punitive damages claims before the pleading amendment deadline. Plaintiff simply states as follows: "Defendants contend that Plaintiff was not diligent because her counsel caused depositions and discovery to take place after the amendment deadline, which is highly debatable." *Reply* [#76] at 13-14. Plaintiff provides no explanation as to why it is "debatable" that she bears responsibility for the timing of depositions and service of discovery requests. Further, she does not dispute Defendants' representation that she served the request for production of internal affairs files on December 28, 2010, nearly a month after the expiration of the pleading amendment deadline. Accordingly, the Court finds that Plaintiff has not demonstrated that she was

unable to complete the discovery necessary to establish the basis for her proposed punitive damages claims before the pleading amendment deadline despite the exercise of due diligence.  *See Granite Southlands Town Center LLC v. Alberta Town Center, LLC, et al.*, No. 09-cv-00799-ZLW-KLM, Docket No. 119 at 5 (D. Colo. Jun. 8, 2010) (unreported decision) (Recommendation of United States Magistrate Judge) (noting that "deadlines to amend a party's pleading are set at the outset of the case to require plaintiffs to prioritize their discovery and attempt to obtain information that may be relevant to claim amendment sooner rather than later."); *see generally Sanchez v. City & County of Denver ex rel. Bd. of Water Comm'rs*, No. 07-cv-01805-MSK-BNB, 2007 WL 4557842, at *1 (D. Colo. Dec. 20, 2007) (unreported decision) (noting that "the purpose of the deadline to amend and add contained in the Scheduling Order is to force the parties to make any known amendments immediately so that all discovery in the case, including the earliest discovery, is taken with the claims and defenses as the parties expect them to be").

Moreover, the Court finds that Plaintiff has not adequately explained why she did not file a motion seeking an extension of the pleading amendment deadline before it expired. As the deadline approached, Plaintiff was aware that she had not deposed several Defendants or served all of her written discovery requests.  Given the nature of this case and Plaintiff's allegations of responsibility on the part of the City of Grand Junction and its police department, the Court finds that it was foreseeable that Plaintiff might wish to amend her operative pleading after deposing the individual Defendants.  Thus, it would have been appropriate to move to extend the pleading amendment deadline before it expired.  *See Dilmar Oil Co.*, 986 F. Supp. at 980 ("Carelessness is not compatible with a finding of diligence and offers no reason for a grant of relief."); *Response* [#69] at 19 ("Plaintiff could

have filed a timely motion to extend the deadline for amendment of pleadings. Her failure to do so is not excusable.").

### B. Rule 15(a) Requirements

Because Plaintiff has not shown good cause for seeking leave to amend her Amended Complaint [#43] after the expiration of the pleading amendment deadline, her Motion is subject to denial on this basis alone. *Colo. Visionary Acad.*, 194 F.R.D. at 688 (denying an untimely motion to amend solely on the basis of a failure to establish "good cause" within the meaning of Rule 16(b)); *First City Bank, N.A. v. Air Capitol Aircraft Sales, Inc.*, 820 F.2d 1127, 1132 (10th Cir. 1987) ("We hold that a district court acts within the bounds of its discretion when it denies leave to amend for 'untimeliness' or 'undue delay.' Prejudice to the opposing party need not be shown also."); *cf. Minter*, 451 F.3d at 1205 (explaining that lateness itself does not justify denial of a motion to amend, but "undue" lateness may). Accordingly, the Court does not analyze the Motion under the standard set forth in Fed. R. Civ. P. 15(a). *Nicastle*, 2011 WL 1465586, at *3 ("Because the Court finds no good cause to amend the scheduling order, [it] will not address whether leave to amend is appropriate under Rule 15.").

For the reasons set forth above, the Court **RECOMMENDS** that the Motion [#63] be **DENIED**.

IT IS HEREBY **ORDERED** that pursuant to Fed. R. Civ. P. 72, the parties shall have fourteen (14) days after service of this Recommendation to serve and file any written objections in order to obtain reconsideration by the District Judge to whom this case is assigned. A party's failure to serve and file specific, written objections waives de novo

review of the Recommendation by the district judge, Fed. R. Civ. P. 72(b); *Thomas v. Arn*, 474 U.S. 140, 147–48 (1985), and also waives appellate review of both factual and legal questions, *Makin v. Colo. Dep't of Corr.*, 183 F.3d 1205, 1210 (10th Cir. 1999); *Talley v. Hesse*, 91 F.3d 1411, 1412–13 (10th Cir. 1996). A party's objections to this Recommendation must be both timely and specific to preserve an issue for de novo review by the district court or for appellate review. *United States v. One Parcel of Real Prop.*, 73 F.3d 1057, 1060 (10th Cir. 1996).

Dated: April 25, 2011

                                        BY THE COURT:

                                        s/ Kristen L. Mix
                                        United States Magistrate Judge
                                        Kristen L. Mix