IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Honorable Marcia S. Krieger

Civil Action No. 10-cv-01719-MSK-KLM

MISTI LEE SCHNEIDER,

    Plaintiff,

v.

THE CITY OF GRAND JUNCTION POLICE DEPARTMENT, an agency of The City of Grand Junction;
BILL GARDNER;
JOHN CAMPER;
WILLIAM D. BAKER; and
JOHN AND JANE DOES 1 to 10, in their official and individual capacities,

    Defendants.

**OPINION AND ORDER GRANTING MOTION FOR LEAVE TO FILE REVISED RULE 702 MOTION**

    **THIS MATTER** comes before the Court on Plaintiff's Motion for Leave to File Revised Rule 702 Motion (**#113**), to which Defendants responded (**#114**), and Plaintiff replied (**#115**). Having considered the same, the Court **FINDS** and **CONCLUDES** the following.

    In this action, the Plaintiff brings a single claim under 42 U.S.C. § 1983 for violation of her Fourteenth Amendment substantive due process rights arising out of her alleged sexual assault by a former Grand Junction police officer. The claims against the Defendants are they were deliberately indifferent in their hiring, training, supervision, and discipline of the officer. The issue here concerns opinions proffered by the Plaintiff's expert witness, Michael Brasfield, who opines as to the practices of the Grand Junction Police Department and its supervisory personnel.

Mr. Brasfield's opinions have been challenged both as to the adequacy of the foundational showing under Fed. R. Evid. 702 and as to whether the content of the opinions he will offer at trial were fully disclosed in his expert report. After the parties submitted a Joint Motion Under Fed. R. Evid. 702 (#**83**), the Defendants filed a Motion *in Limine* (#**84**) arguing that the opinions as set forth in the Joint Motion contained additional material not disclosed in the expert report.[1]

A hearing was held on the Motion *in Limine* on August 4, 2011. After hearing argument from counsel and comparing the opinions contained in the Joint Rule 702 Motion to those expressed in the expert report and supplemental report, the Court ruled as follows:

> The exercise that we've been going through is an exercise designed to determine whether Mr. Brasfield's opinions are opinions as to best practices derived from his personal experience or whether his opinion as to best practices is derived from model codes.
>
> And when the opinion is identified in the 702 motion that the policies and procedures of the Grand Junction Police Department and City of Grand Junction as implemented do not comply with the common and best practices in the field of law enforcement, we have to distinguish between whether that is based upon Mr. Brasfield's interpretation of what those best practices are based on his experience or whether that is a statement of what the best practices are by various organizations.

---

[1] In their Motion, the Defendants sought to strike eleven of Mr. Brasfield's opinions (Opinions 1, 2, 3, 4, 5, 7, 9, 10, 11, 12, and 13) on the ground that they were not timely disclosed in Mr. Brasfield's expert report provided pursuant to Fed. R. Civ. P. 26(a)(2). In particular, the Defendants argued that nowhere in the report does Mr. Brasfield opine that the Defendants failed to comply with the common and best practices in the field of law enforcement or the standards outlined in the model policies and procedures of certain law enforcement groups (such as the Colorado Association of Chiefs of Police ("CACP")), but that, despite this failure, such comparisons or conclusions are stated in Dr. Brasfield's Opinions 1, 2, 3, 4, 5, 7, 9, 10, 11, 12, and 13.

2

> He didn't do that for us in these reports. He interwove it. And that's why I asked counsel for the plaintiff to go back and figure out what the opinions were. Were the opinions based upon his personal experience, which appears to be extensive, or were his opinions based upon noncompliance with model codes? He didn't do that.
>
> Now, I'm disappointed that we don't have a better idea today than what we did at the last hearing, because Mr. Rice is correct that generalities do not serve for a 702 evaluation. We're beyond the point of generalities, because this court has to determine whether the foundational requirements of 702 have been satisfied. And the opinions are not admitted simply because Mr. Brasfield has a lot of experience. That is a process that is always evolving. It seems difficult for all of us because it is a very structured process of looking at 702 components, and that's not how most expert witnesses approach the formulation of their opinions.
>
> So I'm going to, having considered the arguments raised by Counsel and also having considered the fact that the plaintiff has had adequate opportunity to refine the opinions or to confer with Mr. Brasfield to determine what the opinions are that he would be presenting -- I'm going to grant the motion in limine with regard to all challenges as to compliance with model policies and procedures of the International Association of Chiefs of Police, the Commission on Accreditation of Law Enforcement Agencies, and the Colorado Association of Chiefs of Police, except for those that have been specifically delineated in today's hearing.

Tr. (**#98**) at 35-36.

An evidentiary hearing on the remaining objections to Mr. Brasfield's opinions (as well as Plaintiff's objections to Defendants' expert's opinions) is set for February 29, 2012. The Plaintiff now seeks to submit a revised Joint Rule 702 Motion in which she would include Mr. Brasfield's opinions regarding whether the Defendants complied with the best and common police practices, as determined by his experience rather than by published model policies and practices. The Defendants oppose submission of the revised opinions on the grounds that the

Court has excluded these opinions in their entirety.

The Court's ruling was limited to "all challenges as to compliance with model policies and procedures of the International Association of Chiefs of Police, the Commission on Accreditation of Law Enforcement Agencies, and the Colorado Association of Chiefs of Police, except for those that have been specifically delineated." If Mr. Brasfield will offer opinions at trial regarding best and common practices in the field of law enforcement based on his personal experience, these opinions may be included in a revised Joint Rule 702 Motion. If such opinions were not properly disclosed in his expert reports, the Defendants may file appropriate motions to seek to exclude them, or may object on other grounds.

Therefore, the Motion for Leave to File Revised Rule 702 Motion (#**113**) is **GRANTED**. The parties shall submit a revised Joint Rule 702 Motion for the purposes of the February 29, 2012 hearing. The revised Joint Rule 702 Motion shall be submitted within 21 days of the issuance of this order.

Dated this 7th day of December, 2011.

                                                **BY THE COURT:**

                                                *Marcia S. Krieger*
                                                Marcia S. Krieger
                                                United States District Judge